CAUSE NO. 21-0949-A _____

| | | |
|---|---|---|
| THE CASCADES LAKE TOWERS CONDOMINIUM ASSOCIATION, INC. | § § § | IN THE DISTRICT COURT |
| *Plaintiff* | § § § | SMITH COUNTY, TEXAS |
| v. | § § § | |
| STATE FARM LLOYDS | § | \_\_\_\_ JUDICIAL DISTRICT |
| *Defendant* | | |

## PLAINTIFF THE CASCADES LAKE TOWERS CONDOMINIUM ASSOCIATION, INC.'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** The Cascades Lake Towers Condominium Association, Inc., (hereinafter referred to as "Plaintiff"), complaining of State Farm Lloyds, (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $250,000.00.

### PARTIES

2. Plaintiff is a corporation organized under the laws of Texas, with its principle place of business in Tyler, Texas.

3. State Farm Lloyds is a domestic insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent of service Corporation Service Company, located at the following address: 211 E 7th St., Ste 620, Austin, Texas 78701-3218.

4. To the extent that the above-named Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to the terms of Rule 28 of the TEXAS RULES OF CIVIL PROCEDURE and Plaintiff hereby demands that upon answering this suit, that it answer in its correct legal name and assumed name.

## JURISDICTION

5. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

6. The Court has jurisdiction over Defendant State Farm Lloyds because Defendant is a domestic insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas. Specifically, State Farm Lloyds sought out and marketed for insurance in Texas and has "purposefully availed" itself of the privilege of conducting activities in Texas. *Kelly v. General Interior Constr., Inc.*, 301 S.W.3d 653, 660-61 (Tex. 2010).

## VENUE

7. Venue is proper in Smith County, Texas, because the Property is situated in Smith County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8. Plaintiff purchased a policy from Defendant State Farm Lloyds, (hereinafter referred to as "the Policy"), which was in effect at the time of loss.

9. The Policy was purchased to insure Plaintiff's property, (hereinafter referred to as "the Property"), which is located at 3367, 3363, and 3351 Cascades Blvd, Tyler, Texas 75709.

10. Defendant State Farm Lloyds and/or its agent sold the Policy insuring the Property to Plaintiff.

11. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because it is an individual who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

12. On or about April 29, 2020, Plaintiff experienced a severe storm-related event which caused substantial damage to the Property and surrounding homes and businesses in the area. The severe storm event caused substantial damage to the Property, damaging the roof and exterior and causing significant water damage to the interior of the Property. The Property's damage constitutes a covered loss under the Policy issued by Defendant State Farm Lloyds. Plaintiff subsequently opened a claim and Defendant State Farm Lloyds assigned an adjuster to adjust the claim.

13. Plaintiff's estimator inspected the Property on or about October 3, 2020. Plaintiff's estimator called for a full roof replacement of all three buildings, as well as repairs to the attic and exterior. Plaintiff's estimator documented and photographed the damaged shingles and damage to the mod-bit roof and stucco.

14. Plaintiff's engineer subsequently inspected the Property on or about October 26, 2020. Plaintiff's engineer also found severe damage to the roofs, attic, and exterior of all three buildings. Additionally, Plaintiff's engineer detailed significant interior damage to multiple condominium units and the hallways in all three buildings. Plaintiff's engineer found significant water damage to the interior of all the buildings as a result of the April 29, 2020

storm. Plaintiff's engineer also reviewed weather data and found 1 inch hail and 69 mile per hour winds near the Property on April 29, 2020.

15. Plaintiff's engineer concluded that the severe storm-related event caused hail spatters with removed granules, exposed asphalt and exposed felt on the shingled portion of the roof and concluded openings in the roof were created by wind and hail which allowed water to penetrate the roof. This roof damage subsequently led to the interior damage on the top floor of the condominium units at the Property. Plaintiff's engineer determined that all three buildings required a full roof replacement as well as significant repairs for interior water damage on all three buildings.

16. Demand was sent by Plaintiff on December 4, 2020 for the full amount of the estimate prepared by Plaintiff's adjuster, interest, attorney's fees, and less the deductible.

17. On January 7, 2020, Defendant responded to Plaintiff's demand and exercised their contractual rights to inspect the damaged property. This was Defendant's first request to inspect the Property despite their earlier notice of the catastrophic losses sustained by Plaintiff.

18. In early February, Defendant sent an engineer to inspect Plaintiff's Property. Defendant's engineer inspected the Property apart from sections of the roof which are currently tarped to minimize ongoing leaks into the interior of the Property.

19. To date Plaintiff has not received a payment or reasonable explanation of non-payment. To date Plaintiff has not received an engineering report or estimate from Defendant. This is despite the ongoing damage to the Property and nearly a year passing from the original storm date. Defendant's refusal to pay the estimate prepared by Plaintiff's estimator was based on their ongoing refusal to conduct a proper investigation of Plaintiff's property.

## CAUSES OF ACTION

20. Each of the foregoing paragraphs is incorporated by reference in the following:

**Breach of Contract**

21. Defendant had a contract of insurance with Plaintiff. Defendant breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**Prompt Payment of Claims Statute**

22. The failure of Defendant to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq*. of the Texas Insurance Code.

23. Plaintiff, therefore, in addition to Plaintiff's claim for damages, in entitled to 18% interest and attorney's fees as set forth in Section 542.060 of the Texas Insurance Code.

**Bad Faith/Deceptive Trade Practices Act ("DTPA")**

24. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

25. Defendant violated Section 541.051 of the Texas Insurance Code by:

    A. making statements misrepresenting the terms and/or benefits of the policy.

26. Defendant violated Section 541.060 by:

    A. misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    B. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

C. failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

D. failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

E. refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

27. Defendant violated Section 541.061 by:

A. making an untrue statement of material fact;

B. failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

C. making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

D. making a material misstatement of law; and

E. failing to disclose a matter required by law to be disclosed.

28. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

29. Defendant has violated the Texas DTPA in the following respects:

A. Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

B. Defendant failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

C. Defendant, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that Defendant took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

30. Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

**Attorney's Fees**

31. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

32. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because they are represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

*Plaintiff The Cascades Lake Towers Condominium Association, Inc.'s Original Petition*
Page | 7

33. Plaintiff further prays that they be awarded all reasonable attorneys' fees incurred in prosecuting their causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## DAMAGES

34. Plaintiff seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, in excess of $1,000,000.00.

## COMPEL MEDIATION

35. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Plaintiff requests that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day after the date for which this pleading for relief is served upon Defendant.

## JURY DEMAND

36. Plaintiff demands a jury trial, consisting of citizens residing in Smith County, Texas, and tenders the appropriate fee with this Original Petition.

## CONCLUSION

37. Plaintiff prays that judgment be entered against Defendant State Farm Lloyds and that Plaintiff be awarded all of his actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays it be awarded all such relief to which it is due as a result of the acts of Defendant State Farm Lloyds, and for all such

other relief to which Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the award of treble damages under the Texas Insurance Code, attorney's fees for the trial and any appeal of this lawsuit, for all costs of Court on his behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

*/s/ Robert V. Mongole*
**McCLENNY MOSELEY & ASSOCIATES, PLLC**
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
Robert V. Mongole
State Bar No. 24098124
1415 Louisiana Street, Suite 2900
Houston, TX 77002
Principal Office No. 713-334-6121
Facsimile: 713-322-5953
James@mma-pllc.com
Zach@mma-pllc.com
Robert@mma-pllc.com
**ATTORNEYS FOR PLAINTIFF**